IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

FREDDIE CLECKLEY,

      Petitioner,

v.                                      Civil Action No. 3:15cv61
                                      (Groh)

J. SAAD, Warden,

      Respondent.

## ORDER GRANTING MOTION TO TRANSFER AND TRANSFERRING CASE

On May 19, 2015, Petitioner filed this habeas action pursuant to 28 U.S.C. §2241. Petitioner paid his filing fee on June 3, 2015.

Petitioner pled guilty in the United States District Court for the Western District of Pennsylvania to all three counts of an indictment, charging him with possession with intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack), in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B)(iii); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A)(i); and to being felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). The Probation Officer concluded that Petitioner was a career offender under §4B1.1 of the United States Sentencing Guidelines. Following a sentencing hearing on August 27, 2010, Petitioner was committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 248 months on all counts.[1]

On appeal, the Third Circuit Court of Appeals. affirmed the district court's judgment.[2] Cleckley did not petition for a writ of *certiorari*. Thereafter, Petitioner challenged his conviction in

---

[1] Information regarding Petitioner's underlying criminal case can be found on PACER at W.D. Pa. Case No. 2:09cr246.

[2] (4th Cir. July 28, 2011)(10-3613).

two motions to vacate, both of which were denied. Petitioner was denied a certificate of appealability for the first §2255, but appealed the second. The Third Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability for the second §2255, and later, denied Petitioner's petition for rehearing *en banc* and before the original panel as well. Subsequently, Petitioner filed a Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offenses in the sentencing court. It was denied, as was his appeal. Petitioner then filed a Motion Pursuant to Rule 60(b)(6) in the sentencing court; it was denied as an untimely Rule 60(b)(6) motion, and as an impermissible attempt at a successive §2255 motion. Petitioner timely appealed; the Third Circuit denied him a certificate of appealability and dismissed the appeal.

In his instant matter, petitioner alleges that he was sentenced as a career offender and "that has now been called into question" because his predicate prior convictions for drug possession and aggravated assault are no longer requisites for that section of the guidelines.[3] He cites to Persaud v. United States, 134 S.Ct. 1023 (2014); Alleyne v. United States, 133 S.Ct. 2151 (2013); Descamps v. United States, 133 S.Ct. 2276 (2013); United States v. Marcia-Acosta, 2015 U.S. App. LEXIS 4714 (9th Cir. March 23, 2015); and the then-pending decision in Johnson v. United States, 135 S.Ct. 939 (Jan. 9, 2015), arguing that "Pennsylvania aggravated assault is not a crime of violence, and that under Johnson, the residual clause - - if found to be vague - - will eliminate such an offense from the Career Offender Section of the Guidelines."[4] Therefore, he alleges that he is entitled to have his sentence vacated.

Now pending before this Court is Petitioner's Motion to Transfer, filed on August 31, 2015, seeking to have his case transferred to the Western District of Pennsylvania sentencing court, because

---

[3] Dkt.# 1 at 5.

[4] Dkt.# 3-1 at 6 – 7.

on "August 20, 2014, the Third Circuit Court of Appeals [sic][5] issued the mandate in United States v. Jeffrey Imm,[6] in light of Johnson v. United States, 192 L.Ed. 569 [sic][7] (June 26, 2015)."[8] On September 17, 2015, Respondent, through the United States Attorney's Office, joined in the Motion.

28 U.S.C. §1404(a) provides that a district court may transfer any civil action to any other district or division to where it might have been brought or to which all the parties have consented. Absent Respondent's consent, this case may not be transferred because it only could have been brought in the Northern District of West Virginia. However, with Respondent joining in Petitioner's Motion, consent to transfer this matter has been given by all involved parties, and no further analysis is required.

Accordingly, for reasons appearing above to this Court, petitioner's motion to transfer (Dkt.# 11) is **GRANTED**. The Court hereby **ORDERS** that the above-styled civil action be **TRANSFERRED** to the United State District Court for the Western District of Pennsylvania. The Clerk of Court shall transfer the case to the Clerk of Court for the Western District of Pennsylvania. In making the transfer, this Court specifically notes that it takes no position on the applicability of the cases cited by Petitioner.

It is so **ORDERED.**

The Clerk is hereby directed to transmit copies of this Order to Petitioner via certified mail, return receipt requested, at his last address as reflected on the docket, and electronically to all counsel of record herein.

DATED: September 22, 2015

---

[5] There is no case pending in the Third Circuit Court of Appeals for Jeffrey Imms.

[6] Petitioner did not provide a citation to this case but the undersigned can only presume he intended to refer to United States v. Imm, 2014 U.S. Dist. LEXIS 166266 (W.D. Pa. Dec. 1, 2014).

[7] Presumably Petitioner intended to refer to Johnson v. United States, 192 L.Ed. 718 (June 26, 2015).

[8] Dkt.# 11 at 1.

GINA M. GROH  
CHIEF UNITED STATES DISTRICT JUDGE